UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-510-CRS

COTRENAYE CHANDLER                                            PLAINTIFF

v.

KENTUCKY AUTOMOTIVE ENTERPRISES, LLC, *et al*        DEFENDANTS

## MEMORANDUM OPINION

The plaintiff, Cotrenaye Chandler, has filed a *pro se, in forma pauperis* complaint. This matter is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the court will dismiss this action.

## BACKGROUND

Plaintiff has named two defendants in this action: Kentucky Automotive Enterprises LLC and Hyundai Motor Finance. As a basis for his lawsuit, Plaintiff states:

> My contract was breach [sic] due to forge [sic] of signature. Plaintiff was denied the right of recission and the vehicle was reprocess [sic] without recouping what was already invested into the purchase of the vehicle.

Complaint, DN 01, Section III, Statement of Claim. As relief, Plaintiff seeks $1.2 million for "defamation of character;" $5,513.75 which consists of a down payment and the costs of window tinting and tires; and $6,567.08 in monthly payments. *Id.* at Section IV, Relief. As the basis for this court's jurisdiction, Plaintiff cites to the Truth in Lending Act (the "TILA") and states that he was "[d]enied the right of recission, 15 U.S.C. § 1635(a) based on fraudulent documentation." *Id.* at Section II(A), Basis for Jurisdiction. Plaintiff also cites 15 U.S.C. § 1692e (part of the Fair Debt Collection Practices Act, the "FDCPA"). Additionally, Plaintiff cites 8 U.S.C. § 1324c (a law that concerns immigration matters) and 42 U.S.C. § 1986 (a law that relates to racist conspiracies).

## ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.1 979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

**A. Jurisdiction**

This federal court cannot hear Plaintiff's case because it does not have jurisdiction over it, *i.e.*, the power to consider the case. Jurisdiction in federal courts is limited: "it is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Hudson v. Coleman* 347 F.3d 138, 141 (6th Cir. 2003). Generally, there are two ways by which a federal court may obtain

jurisdiction. The first way is federal question jurisdiction. In order for federal question jurisdiction to exist, the plaintiff's claim must arise under federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Second, federal courts may hear cases if the parties are citizens of different states and the amount in controversy is greater than $75,000: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*).

**B. Federal Question Jurisdiction**

Plaintiff has attempted but failed to invoke federal question jurisdiction.

**1. 18 U.S.C. § 1324c**

Section 1324c of Title 18 of the United States Code is part of the Immigration Reform and Control Act. More specifically, § 1324c sets forth the penalties for individuals who commit document fraud so that an undocumented immigrant can gain employment in the United States. The law does not apply here as this case has nothing to do with such falsification of documents.

**2. 42 U.S.C. § 1986**

Section 1986 of Title 42 of the United States Code is part of the 1871 Civil Rights Act (the "CRA") which was enacted in response to Ku Klux Klan violence. Section 1986 provides a cause of action against individuals who fail to protect victims of racist conspiracies committed in

violation of Section 1985 of the CRA. Plaintiff's claims have nothing to do with racist conspiracies much less the failure to intervene so as to protect a victim of such a conspiracy.

   3. The TILA

Section 1635 of the TILA applies to home mortgage loans. The recission language on which Plaintiff relies gives home-loan borrowers the right to rescind certain mortgage loans within three (3) days of the date the borrower is provided a notice that details the right to rescind and other specified disclosures. 15 U.S.C. § 1635(a) ("in the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended. . ."). This case does not concern a home loan or a home mortgage, which is a security interest in an individual's principal dwelling. Thus, § 1635 does not apply.

   4. The FDCPA

Section 1692e of the FDCPA applies to debt collectors and bars the "use [of] any false, deceptive, or misleading representation in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute sets out a non-exhaustive list of sixteen (16) types of misrepresentations or misleading practices which are prohibited by the Act. Section 1692e does not apply here. Plaintiff alleges that there was a forged signature on his sales contract but does not allege any misrepresentations with respect to collecting the debt. To the extent Plaintiff alleges he was misled by the failure to disclose a recission right under 15 U.S.C. §1635, as explained above, Plaintiff did not have such a right as that pertains to home mortgage loans. It is impossible for either Defendant to have lied to Plaintiff by omitting mention of a right he did not have in the first instance. Like the other federal laws on which Plaintiff relies, § 1692e does not apply to his case, and this court cannot obtain jurisdiction based on it.

C.  Diversity Jurisdiction

Plaintiff's defamation claim is a state law claim. Thus, for this court to consider that claim, diversity jurisdiction must be present. Diversity jurisdiction does not exist in this case because there is not complete diversity between the parties. Plaintiff states that he lives in Kentucky and that defendant Kentucky Automotive Enterprises LLC's place of business is in Kentucky. Complaint, DN 01 at Section I(A) & (B). Thus, Plaintiff and one of the defendants are both citizens of the same state, Kentucky.  As set out above, diversity jurisdiction requires that each defendant be from a different state from the plaintiff. *Medlen v. Estate of Meyers*, 273 F. App'x 464 at 469. That situation is not present here.

## **CONCLUSION**

In this case, Plaintiff has failed to provide a basis for federal question jurisdiction and complete diversity does not exist. As a result, this court lacks jurisdiction over this case and must dismiss it. Plaintiff has failed to state a claim upon which relief may be granted. The court will enter a separate order of dismissal.

December 4, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc:  Plaintiff, *pro se*